JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6370 PA (SSCx) | | Date | July 31, 2025 |
|---|---|---|---|---|
| Title | Rudy Zendejas v. FCA US LLC, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dominique Carr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by FCA US LLC ("Removing Defendant"). Removing Defendant contends that this Court possesses diversity jurisdiction over the action filed by plaintiff Rudy Zendejas ("Plaintiff") against Removing Defendant and defendant Los Angeles Chrysler Dodge Jeep Ram ("LACDJR") based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

  "Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  To invoke this Court's diversity jurisdiction, a removing defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6370 PA (SSCx) | Date | July 31, 2025 |
|---|---|---|---|
| Title | Rudy Zendejas v. FCA US LLC, et al. | | |

Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

      Here, Removing Defendant alleges and recognizes in its Notice of Removal that both Plaintiff and LACDJR are citizens of California, but alleges that the citizenship of LACDJR should be disregarded for purposes of establishing diversity because it is "fraudulently joined." There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

      According to Removing Defendant, LACDJR is fraudulently joined because:
(1) "Plaintiff's ability to recover against LACDJR is precluded by the economic loss rule";
(2) "Plaintiff fails to plead sufficient facts to state a cause of action against Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6370 PA (SSCx) | Date | July 31, 2025 |
|---|---|---|---|
| Title | Rudy Zendejas v. FCA US LLC, et al. | | |

LACDJR"; and (3) "Plaintiff has demonstrated that she [sic] has no interest in recovering any of these ambiguous damages from LACDJR" because "Plaintiff has done nothing to obtain a response from LACDJR [since serving the Summons and Complaint in October 2024], nor made any effort to secure a default judgment against LACDJR."  Removing Defendant alternatively seeks to have the Court sever the non-diverse defendant pursuant to Federal Rule of Civil Procedure 21.

At least on this record, this Court cannot conclude that all of Plaintiff's damages against LACDJR are barred by the economic loss rule, or that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against LACDJR.  Nor does the alleged delay in Plaintiff's having sought LACDJR's default establish that LACDJR has been fraudulently joined.  Additionally, Removing Defendant cites to no authority that supports its attempt to remove a case over which the court lacks diversity jurisdiction and to then cure that lack of subject matter jurisdiction post-removal through severance.  Removing Defendant has therefore failed to meet its "heavy burden of persuasion" to establish that LACDJR is fraudulently joined, and the Court will not ignore its citizenship for purposes of evaluating whether diversity jurisdiction exists.  Because Plaintiff and LACDJR are not completely diverse, the Court concludes that Removing Defendant has not established that the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 24STCV25188, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.